1 | James R. Noblin (SBN: 114442)
**GREEN & NOBLIN PC**
2 | 4500 East Pacific Coast Highway, 4TH Floor
Long Beach, California 90804
3 | Telephone: (562) 391-2487
Facsimile:   (415) 477-6710
4 | Email:  gnecf@classcounsel.com

5 | Robert S. Green (SBN: 136183)
**GREEN & NOBLIN, P.C.**
6 | 2200 Larkspur Landing Circle, Suite 101
Larkspur, California  94939
7 | Telephone: (415) 477-6700
Facsimile: (415) 477-6710
8 | Email:  gnecf@classcounsel.com

9 | *Attorneys for Plaintiff*
*(additional counsel on signature page)*

10 |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE MADRID, on Behalf of Herself and All Others Similarly Situated )<br><br>Plaintiff, )<br><br>vs. )<br><br>SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD, THE HOME DEPOT, INC., LOWE'S COMPANIES, INC., BEST BUY CO., INC., SEARS HOLDING CORPORATION, )<br><br>Defendants. ) | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) **Breach of Implied Warranty**<br>2) **Strict Liability**<br>3) **Negligence**<br>4) **Breach of Express Warranty**<br>5) **Magnuson-Moss Violation (Written Warranty)**<br>6) **Magnuson-Moss Violation (Express Warranty)**<br>7) **Unjust Enrichment**<br>8) **State Consumer Protection Acts**<br>9) **Fraud**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Michelle Madrid ("Plaintiff" or "Madrid"), by her attorneys, on behalf of herself and the Class set forth below, alleges the following upon information and belief, except for those certain allegations that pertain to Plaintiff, which are based on Plaintiff's personal knowledge.

**NATURE OF THE ACTION**

1.     This action relates to certain defective Samsung home washing machines that have an inherently dangerous defect. These washing machines "explode," or suffer catastrophic failure during a given machine's normal usage because of a design defect and/or manufacturing flaw.

2.     On August 12, 2016, Madrid purchased a Recalled Washing Machine (model number WA45K7600A) from a Best Buy store in Murrieta, California

3.     On November 4, 2016, Samsung began a recall (Recall # 17-028) of 34 distinct models (the "Recalled Washing Machine(s)"), all being models of Samsung top-load washing machines, including the model purchased by Madrid as described above. A listing of the model numbers for the Recalled Washing Machines is attached hereto as Exhibit 1. The stated reason for the recall is that "[t]he [Samsung] washing machine top can unexpectedly detach from the washing machine chassis during use, posing a risk of injury from impact." The recall bulletin further notes that "Samsung has received 733 reports of washing machines experiencing excessive vibration or the top detaching from the washing machine chassis. There are nine related reports of injuries, including a broken jaw, injured shoulder,       and       other       impact       or       fall-related       injuries."       *See*, http://www.cpsc.gov/recalls/2017/samsung-recalls-top-loading-washing-machines.

4.     The remedies provided in Samsung's recall bulletin allows consumers the option of any one of the following: (1) an in-home repair or retrofit that includes reinforcement of the washer's top and a free one-year extension of the manufacturer's warranty; (2) a rebate to be applied towards the purchase of a new Samsung or other brand of washing machine, along with free installation of the new unit and removal of the old unit;

1    or (3) a full refund for consumers who purchased their washing machine within the past
2    thirty days of the recall announcement. *See*, *id.*

3         5.    None of the options were available to the Plaintiff because: (1) the retrofit that
4    Samsung proposes does not actually fix the defect in the machine so that Madrid can use the
5    machine as it she intended at purchase; (2) the rebate would have paid only for a fraction of
6    the cost of replacement; and (3) Madrid purchased her machine more than thirty days prior
7    to the recall.

8         6.    Madrid brings this action on behalf of herself and other purchasers of the
9    Recalled Washing Machines in the United States, its possessions, or territories from March
10   2011 to November 2016. Plaintiff seeks relief in the form of (1) an injunction against
11   Defendants from any further sales of the Recalled Washing Machines and to take such other
12   remedial action as may otherwise be requested herein; and (2) money damages to
13   adequately and reasonably compensate owners of the Recalled Washing Machines who
14   have, through no fault of their own, purchased defective and dangerous Samsung washing
15   machines.

16                                      **PARTIES**

17        7.    Plaintiff Susan Madrid is a citizen of the State of California, residing in this
18   Judicial District in the City of Murrieta.

19        8.    Defendant Samsung Electronics Co., Ltd. is a South Korean corporation
20   headquartered in Seoul, South Korea. On information and belief, Samsung Electronics Co.,
21   Ltd. designs, manufactures, and distributes the Recalled Washing Machines for sale in this
22   District. At all time relevant hereto, Samsung Electronics Co., Ltd. was in the business of
23   distributing, marketing, promoting, and selling the recalled Washing Machines described
24   herein throughout the United States and in this District. Thus, Samsung Electronics, Co.,
25   Ltd. purposely directed its conduct towards this District and at all times relevant engaged in
26   a continuous course of business in this District by selling thousands of its washing machines
27   and other consumer goods in this District every year.

28

CLASS ACTION COMPLAINT

9.     Defendant Samsung Electronics America, Inc. is a New York corporation that is a wholly-owned subsidiary of Samsung Electronics, Co., Ltd., with its headquarters in Ridgefield Park, New Jersey. Samsung Electronics America, Inc. is the warrantor of the products designed, manufactured, and distributed by Samsung Electronics Co., Ltd., and acts as Samsung Electronics Co., Ltd.'s agent in the processing of warranty claims related to defects in the manufacturing or materials used by Samsung Electronics Co., Ltd. during the manufacturing process. At all times relevant hereto, Samsung Electronics America, Inc. was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District. Samsung Electronics America, Inc. resides in and engages in a continuous course of business in this District, and based upon information and belief sells thousands of washing machines and other consumer goods in this District on an annual basis. Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. are referred to collectively herein as "Samsung."

10.     Home Depot, Inc. ("Home Depot") is a Delaware corporation with its headquarters in Atlanta, Georgia.  At all times relevant hereto, Home Depot was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District.   Home Depot resides in and engages in a continuous course of business in this District, and based upon information and belief sells thousands of washing machines and other consumer goods in this District on an annual basis.

11.     Lowes Companies, Inc. ("Lowes"), is a North Carolina corporation with its headquarters in Mooresville, North Carolina.  At all times relevant hereto, Lowes was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District.   Lowes resides in and engages in a continuous course of business in this District, and based upon information and belief sells thousands of washing machines and other consumer goods in this District on an annual basis.

12.    Best Buy Co., Inc. ("Best Buy"), is a Minnesota corporation with its headquarters in Richfield, Minnesota.   At all times relevant hereto, Best Buy was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District.   Best Buy resides in and engages in a continuous course of business in this District, and based upon information and belief sells thousands of washing machines and other consumer goods in this District on an annual basis.

13.    Sears Holding Corp. ("Sears") is a Delaware corporation with its headquarters in Hoffman Estates, Illinois.   At all times relevant hereto, Sears was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District.   Sears resides in and engages in a continuous course of business in this District, and based upon information and belief sells thousands of washing machines and other consumer goods in this District on an annual basis.

14.    Samsung, Home Depot, Lowes, Best Buy and Sears are referred to collectively herein as "Defendants."

### JURISDICTION AND VENUE

15.    This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2). The claims of the Class members in this class action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and the total number of members of the proposed Class is believed to be greater than 100.

16.    Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, Madrid resides in this District, and the Defendants are subject to jurisdiction here and regularly conduct business in this District.

**FACTUAL ALLEGATIONS**

17.    On August 12, 2016, Madrid purchased a Recalled Washing Machine (model number WA45K7600A) from a Best Buy store in Murrieta, California. For the most part, Madrid's Recalled Washing Machine performed as she expected when purchased.

18.    On November 4, 2016, Samsung announced a "recall involve[ing] 34 models of Samsung top-load washing machines.   The Recalled Washing Machines have mid-controls or rear-controls. [The model numbers and serial information can be found on two labels affixed to the back of the machine."   https://www.cpsc.gov/recalls/2017/samsung-recalls-top-load-washing-machines. The Recalled Washing Machines are detailed by model number on Exhibit 2 hereto.   The stated reason for the recall is that "[t]he [Samsung] washing machine top can unexpectedly detach from the washing machine chassis during use, posing a risk of injury from impact."   The recall bulletin further notes that "Samsung has received 733 reports of washing machines experiencing excessive vibration or the top detaching from the washing machine chassis.  There are nine related reports of injuries, including a broken jaw, injured shoulder, and other impact or fall-related injuries." *See*, *id*.

19.    Madrid purchased her Recalled Washing Machine new and it was in excellent condition without any perceivable damage or defect. Moreover, Madrid has used her Recalled Washing Machine solely for its intended purpose as a personal home appliance until November 4, 2016, when Samsung announced the recall.

20.    Samsung's recall allows owners of Recalled Washing Machines the option of any one of the following: (1) an in-home repair that includes reinforcement of the washer's top and a free one-year extension of the manufacturer's warranty; (2) a rebate to be applied towards the purchase of a new Samsung or other brand washing machine, along with free installation of the new unit and removal of old unit; or (3) a full refund for consumers who purchased their washing machine within the past 30 days of the recall announcement. *Id*.

21.    In Madrid's circumstance, the full refund option was unavailable because she had purchased the Recalled Washing Machine outside of the thirty (30) day period. The rebate option was also a poor option because it provided a fraction of the cost to purchase a

1  new machine to replace the Recalled Washing Machine. The repair option was not viable as

2  well, as described below.

3       22.   The repair option is not, in fact, a repair at all. In an effort to reduce costs,

4  Samsung has contracted with local entities to reinforce the top of the Recalled Washing

5  Machines with a retrofit. Instead of using appliance repair companies to institute the retrofit,

6  Samsung has hired local subcontractors who are more in the line of "handymen." For

7  example, in many areas, Samsung is using Dish Network subcontractors, whose job

8  primarily consists of installing television satellite dishes on residences, to install the retrofit.

9  In essence, in an effort to cut costs, Samsung's repair option does not even use individuals

10  qualified to repair or evaluate the safety of the Recalled Washing Machines. They simply

11  come to your house and snap on a new top.

12       23.   In addition, it is difficult, if not impossible, to get Samsung to provide the

13  repair option. When consumers request that Samsung repair their machine, it often takes

14  weeks or months for a repair person to come and make the retrofit, and sometimes Samsung

15  has refused to provide the repair at all. In the event that Samsung does provide consumers

16  with the retrofit, the consumer's problems are still not over because the retrofit does not fix

17  the issue. The retrofit merely reinforces the top of the Recalled Washing Machine, but

18  consumers are then advised that they cannot use the Recalled Washing Machine for many of

19  its intended purposes, such as using the high cycles needed to wash bedding, coats, towels

20  and other heavy garments. In essence, the retrofit may barely do enough to keep the

21  Recalled Washing Machines from exploding, although that remains to be seen, but they do

22  not make the Recalled Washing Machines fit for the purposes they were marketed and sold

23  to accomplish.

24       24.   As a result, under the terms of Samsung's agreement with the Consumer

25  Products Safety Commission, Samsung is required to fully refund or replace the washing

26  machine.  *See*,  http://www.click2houston.com/consumer/feds-say-samsung-not-following-

27  consumer-product-safety-commission-agreement. For this reason, and upon information and

28  belief, Samsung is deliberately making it as difficult as possible for individuals to have their

Recalled Washing Machines repaired because it exposes Samsung to having to make a full replacement or refund once consumers discover that the repair is ineffective.

25.  As in the case of Madrid, the rebates that Samsung offers to consumers are often times a fraction of the cost that consumers actually paid for their washing machines, and after multiple frustrating interactions with Samsung, it became apparent that it was difficult, if not impossible, to get Samsung to provide Madrid with relief that would allow her to use her washing machine as it was intended to be used.

26.  After learning of Samsung's recall of the Recalled Washing Machines, Madrid was not able to use her Samsung washing machine as intended because of the danger posed from potentially having her washing machine "explode" during normal use.  In addition to being without a working washing machine since November 2016, Madrid has been forced to spend frustrating time with Samsung attempting to have her defective washing machine repaired or replaced.

### THE RECALLED WASHING MACHINES

27.  The Recalled Washing Machines at issue in this action all have high-speed "direct-drive" mechanisms that spin the washer tub at speeds of approximately 1100 revolutions per minute.  The framing and dampening system of the Recalled Washing Machines is inadequate to withstand the force generated by each such machine's direct drive system.

28.  The models of Samsung's Recalled Washing Machines include the following:

| | | |
|---|---|---|
| WA40J3000AW/A2 | WA45H7000AP/A2 | WA45H7000AW/A2 |
| WA45H7200AW/A2 | WA45K7600AW/A2 | WA45K7100AW/A2 |
| WA48H7400AW/A2 | WA48J7700AW/A2 | WA48J7770AP/A2 |
| WA48J7770AW/A2 | WA50K8600AV/A2 | WA50K8600AW/A2 |
| WA52J8700AP/A2 | WA52J8700AW/A2 | WA400PJHDWR/AA |
| WA422PRHDWR/AA | WA456DRHDSU/AA | WA456DRHDWR/AA |
| WA476DSHASU/A1 | WA476DSHAWR/A1 | WA484DSHASU/A1 |
| WA484DSHAWR/A1 | WA48H7400AP/A2 | WA50F9A6DSW/A2 |
| WA50F9A7DSP/A2 | WA50F9A7DSW/A2 | WA50F9A8DSP/A2 |
| WA50F9A8DSW/A2 | WA52J8060AW/A2 | WA5451ANW/XAA |
| WA5471ABP/XAA | WA5471ABW/XAA | WA56H9000AP/A2 |
| WA56H9000AW/A2 | | |

CLASS ACTION COMPLAINT

29.     The Recalled Washing Machines at issue here range in price from approximately $450.00 to $1500.00 and come with an express one-year manufacturer's warranty.

30.     As explained above, this case involves Recalled Washing Machines that, in many instances, "explode." When the Recalled Washing Machines explode, they do so with such force that the machines are irreparably damaged. Indeed, the force of the explosion is capable of seriously injuring people and damaging property, rendering the Recalled Washing Machines unsafe for ordinary use.

31.     Because of the inherent safety risk, the recall now includes a "Home Label Kit" or stickers that state that "consumers should only use the delicate or waterproof cycles when washing bedding, water-resistant and bulky items. The lower spin speed in the delicate or waterproof cycles lessens the risk of the washing machine top unexpectedly detaching from the washing machine chassis." *See*, https://www.cpsc.gov/recalls/2017/samsung-recalls-top-load-washing-machines.

32.     Even if a consumer is able to have Samsung "repair" their defective washing machine, they are still unable to use it for its intended purpose. Samsung advises consumers not to use the washing machines on heavy settings that would typically be used to wash bedding or heavier garments. In essence, Samsung has left consumers with the choice of using a defective product for the life of the product (regardless of whether the recall's reinforcement measures are applied or not), accepting a rebate that is often well below the amount it costs to actually replace a defective machine, or simply doing without.

33.     The defects in the Recalled Washing Machines are latent defects respecting the design of the machines and/or the manufacturing process related to the Recalled Washing Machines and such defects would not reasonably be discoverable by consumers when purchasing any of the Recalled Washing Machines. These latent defects relate principally to the Recalled Washing Machines having structural and design defects in their framing and dampening systems which can cause the tubs to loosen and become projectiles over time. Such defects in the Recalled Washing Machines only manifest only after the

1    point of sale and such manifestation often occurs outside of Samsung's express warranty

2    period of one year.

3       34.    In selling the Recalled Washing Machines, Samsung provided a uniform,

4    express one-year factory warranty against manufacturing defects in materials and

5    workmanship.  This express warranty further protects against defects in the tub for three

6    years, as well as defects in the direct drive system for 10 years.  The warranty for the

7    Recalled Washing Machines is offered on a take-it-or-leave-it basis, and consumers are not

8    afforded an opportunity to negotiate for more favorable terms in the warranty because of the

9    parties' relative bargaining power. In addition to the express warranty described above,

10    Samsung marketed, advertised, and warranted that the Recalled Washing Machines were of

11    merchantable quality and fit for their intended purpose.  Samsung further marketed,

12    advertised, and warranted that the Recalled Washing Machines were free from defects and

13    the Recalled Washing Machines did not pose an unreasonable risk to persons or property.

14       35.    Samsung knew that the Recalled Washing Machines were prone to explosion

15    and, therefore, that the Recalled Washing Machines were inherently defective,

16    unmerchantable and unfit for their intended use.  Beginning as early as 2011, Samsung

17    received high numbers of consumer complaints related to the Recalled Washing Machines

18    for problems with their spin cycles, high vibrations, breaking springs, and even explosions

19    related to the Recalled Washing Machines' spin cycles.  Moreover, Samsung has known that

20    the exploding Washing Machines cause actual physical injury to consumers since no later

21    than approximately October 24, 2013, when a woman in California was physically injured

22    by a Samsung Washing Machine explosion. This incident lead Samsung to inspect her

23    washing machine on November 22, 2013.

24                  **CLASS ALLEGATIONS**

25       36.    Madrid brings this suit as a class action on behalf of herself and on behalf of

26    others similarly situated pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and/or

27    23(b)(3) (the "Class").  The proposed Class consists of:

28

1

2

3

All residents of the United States and its territories or possessions who purchased a new Recalled Washing Machine or otherwise acquired a Recalled Washing Machine from March 2011 to November 2016, primarily for household use and not for resale.

4

5

37.    Madrid also brings this suit as a class action on behalf of the following subclass ("California Subclass"):

6

7

All residents of the State of California who purchased a new Recalled Washing Machine or otherwise acquired a Recalled Washing Machine from March 2011 to November 2016, primarily for household use and not for resale.

8

9

10

38.    Unless otherwise indicated, the Class and the California Subclass are referred to herein jointly as the "Class."

11

12

13

14

39.    The members of the Class are so numerous that joinder is impracticable. Samsung is one of the largest manufacturers of residential washing machines in the world and it sells many thousands of residential washing machines annually in the United States and in the State of California through retailers such as Lowe's, The Home Depot, Best Buy and Sears.

15

16

17

40.    Madrid's claims are typical of the claims of the entire Class because Madrid purchased a new Recalled Washing Machine, which Madrid purchased in August 2016 from a Best Buy store in Murrieta, California.

18

19

20

21

22

41.    Madrid will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).  Madrid has no interests antagonistic to those of other Class members.  Madrid is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent them.

23

24

25

26

42.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including, but not limited to:

27

28

a.    whether the Recalled Washing Machines pose unreasonable safety risks to consumers;

CLASS ACTION COMPLAINT

b.    whether Defendants knew, or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

c.    whether Defendants concealed the safety risks the Recalled Washing Machines pose to consumers;

d.    whether the safety risks the Recalled Washing Machines pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase a washing machine;

e.    whether the Recalled Washing Machines possess material defects;

f.    whether Defendants knew or should have known of the inherent defects in the Recalled Washing Machines when it placed them into the stream of commerce;

g.    whether Defendants concealed the defects from consumers;

h.    whether the existence of the defects are material facts reasonable purchasers would have considered in deciding whether to purchase a washing machine;

i.    whether the Recalled Washing Machines are merchantable;

j.    whether the Recalled Washing Machines are fit for their intended use;

k.    whether Defendants were unjustly enriched by the sale of defective Recalled Washing Machines to the Plaintiff class;

l.    whether any false warranties, misrepresentations, and material omissions by Samsung concerning its defective Recalled Washing Machines caused Class Members' injuries; and

m.    whether Defendants should be enjoined from further sales of the Recalled Washing Machines.

43.    Class certification under Federal Rule of Civil Procedure 23(b)(3) is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged.  Madrid knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

44.     Class members have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct.

**FIRST CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST ALL DEFENDANTS**

45.     Madrid re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

46.     The Recalled Washing Machines owned by Madrid and Class Members were defectively designed and manufactured and pose serious and immediate safety risks to consumers and the public.

47.     These defects were present in such machines at the point of sale of the Recalled Washing Machines.

48.     Such defects place consumers and the public at serious risk for their own safety when the Recalled Washing Machines are used in consumers' homes.

49.     At all times relevant hereto, Samsung, Lowe's, The Home Depot, Best Buy, and Sears were under a duty imposed by law requiring that a manufacturer's and merchant's product be reasonably fit for the ordinary purposes for which the product is used, and that the product be acceptable in trade for the product description. This implied warranty of merchantability is part of the basis for the bargain between Samsung, Lowe's, The Home Depot, Best Buy and Sears, on the one hand, and Madrid and Class Members, on the other.

50.     Notwithstanding the aforementioned duty, at the time of delivery, Defendants breached the implied warranty of merchantability in that the Recalled Washing Machines were defective and posed a serious safety risk at the time of sale, would not pass without objection, are not fit for the ordinary purposes for which such goods are used (safely washing clothes in a residential setting), and failed to conform to the standard performance of like products used in the trade.

51.     Defendants knew or should have known that the Recalled Washing Machines pose a safety risk and are defective and knew or should have known that selling the Recalled

Washing Machines to Madrid and Class Members constituted a breach of the implied warranty of merchantability.

52.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Madrid and Class Members bought the Recalled Washing Machines without knowledge of their defects or their serious safety risks.

53.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Madrid and Class Members purchased unsafe products which could not be used for their intended purpose including washing bedding, water-resistant items, and bulky items in a residential setting.

54.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Madrid and Class Members have suffered damages and did not receive the benefit of their bargain.

55.     Defendants were unjustly enriched by keeping the profits for the unsafe products while never having to incur the cost of repair, replacement, retrofit, or a recall.

56.     The defectively designed Recalled Washing Machines purchased by Madrid and all other Class Members are unfit for their intended and ordinary purposes because they are prone to break and even explode when operated as instructed and intended by Defendants.

57.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Madrid and all the Class Members have suffered loss.

**SECOND CAUSE OF ACTION**
**STRICT LIABILITY AGAINST SAMSUNG**

58.     Madrid re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59.     Samsung is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling home appliances, and did design, manufacture, distribute, advertise, market, promote and/or sell the Recalled Washing Machines at issue herein.

60.     Samsung's Washing Machines were expected to and did reach Madrid and Class Members without substantial change in the condition in which they were manufactured, sold and distributed.

61.     The Recalled Washing Machines were in a defective and unreasonably dangerous condition when they left Samsung's possession or control in that, under normal conditions, usage and applications, they could not withstand the use for which they were intended.

62.     Madrid and Class Members used the subject Washing Machines in a manner reasonably intended by Samsung.

63.     The Recalled Washing Machines were defective because they were not safe for ordinary and intended use; Samsung failed to provide Madrid and Class Members either directly or indirectly, with adequate and sufficient warning regarding the known or foreseeable risks and dangers inherent in the Recalled Washing Machines; the Recalled Washing Machines contained material design, materials, and manufacturing defects and were not reasonably safe due to such defects; the design, methods of manufacture, and testing of the Recalled Washing Machines did not conform to generally recognized and prevailing standards or the state of the art in existence at the time the design was made and the Recalled Washing Machines were manufactured; and at the time the Recalled Washing Machines left Samsung's control, the foreseeable risks associated with the Recalled Washing Machines' design exceeded the benefits associated with that design.

64.     Madrid and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of the defective condition.

65.     Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard of the safety of their consumers, by manufacturing and selling the Recalled Washing Machines known to them to be defective and unreasonably dangerous. As alleged, Samsung knew or should have known that the Defects would cause their washing machines to fail, flood, damage the Recalled Washing Machine and other property, and

threaten the personal safety of consumers.  Samsung knew or was repeatedly informed of the serious defects in the Recalled Washing Machines, yet failed to take any remedial action and instead continued to sell this defective product. Given Samsung's conscious disregard for the safety of the public, Madrid and Class Members seek exemplary or punitive damages.

**THIRD CAUSE OF ACTION**
**NEGLIGENCE AGAINST SAMSUNG**

66.    Madrid re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

67.    Samsung owed a duty to Madrid and Class Members to design, manufacture, produce, test, inspect, market, distribute, and sell the Recalled Washing Machines with reasonable care and in a workmanlike fashion, and had a duty to protect Madrid and Class Members from foreseeable and unreasonable risk of harm. Samsung breached that duty by, among other things, defectively designing, manufacturing, testing, inspecting and distributing the Recalled Washing Machines.

68.    Samsung unreasonably failed to provide appropriate and adequate warnings and instructions about its defective Washing Machines, and this failure was a proximate cause of the harm for which damages are sought. In addition, at the time the Recalled Washing Machines left its control, Samsung knew, or in the exercise of reasonable care should have known, its defective Washing Machines posed a substantial risk of harm to the life and property of its customers. Samsung knew, or in the exercise of reasonable care should have known, the Recalled Washing Machines it designed, manufactured, produced, tested, inspected, marketed, distributed, and sold, created an unreasonable safety risk and would fail to perform as intended.

69.    Samsung acted unreasonably in designing the Recalled Washing Machines, and this conduct was a proximate cause of the harm for which damages are sought.  Further, at the time the Recalled Washing Machines left the control of Samsung, it unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that

could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Washing Machines.  Furthermore, at the time the Recalled Washing Machines left the control of Samsung, their design was so defective that a reasonable person, aware of the relevant facts, would not use or purchase a Washing Machine of this design.

70.     Samsung knew, or in the exercise of reasonable care should have known, that the Recalled Washing Machines created unreasonable safety risks.  Samsung further knew, or in the exercise of reasonable care should have known, that the Recalled Washing Machines could cause property damage, personal injury, and/or death.

71.     Based on this knowledge, Samsung had a duty to disclose to the Madrid and Class Members the serious safety risks posed by the Recalled Washing Machines and a duty to disclose the defective nature of the Recalled Washing Machines.

72.     Samsung had a further duty not to put the defective Washing Machines on the market and has a continuing duty to replace its unsafe Washing Machines, remove its unsafe Washing Machines from the market and seek a recall from consumers.

73.     Samsung failed to exercise reasonable care with respect to the design, manufacture, production, testing, inspection, marketing, distribution and sale of the Recalled Washing Machines by, among other things, failing to design and manufacture the Recalled Washing Machines in a manner to ensure that, under normal intended usage, they would not pose unreasonable risk to life and property.

74.     Samsung failed to exercise reasonable care in failing to warn or to warn adequately and sufficiently, either directly or indirectly, Madrid and Class Members of the Defects in the Recalled Washing Machines.

75.     Samsung failed to exercise reasonable care when it knew of the safety risks the Washing Machines posed and actively concealed those risks from Madrid and Class Members.

76.     Samsung failed to exercise reasonable care when it knew of the safety risks the Recalled Washing Machines posed and failed to replace, repair or recall Washing Machines it knew were unsafe and defective.

77.     As a direct and proximate result of Samsung's negligence, Madrid and Class Members bought the Recalled Washing Machines without knowledge of their defective nature or of their serious safety risks.

78.     As a direct and proximate result of Samsung's negligence, Madrid and Class Members purchased unsafe products which could not be used for their intended use.

79.     As a direct and proximate result of Samsung's negligence, Madrid and Class Members have suffered damages.

80.     Madrid and Class Members seek to recover the damage caused by Samsung. In addition, given Samsung's conscious disregard for the safety of Madrid and Class Members, they also seek an award of exemplary damages.

## FOURTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY AGAINST SAMSUNG

81.     Madrid re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

82.     Samsung is and was at all times relevant a merchant with respect to washing machines.

83.     As set forth above, Samsung had knowledge of the defects alleged herein and that they pose serious safety risks to consumers like Madrid and Class Members.

84.     Despite that knowledge, at all times relevant, Samsung expressly warranted in writing that its Washing Machines were "warranted by SAMSUNG against manufacturing defects in materials and workmanship."

85.     In its warranty to customers, Samsung also warrants in writing that it provides the following warranties: one year parts and labor; two years control board parts; three years stainless steel tub part; and ten years motor components.

86.     The Recalled Washing Machines have inadequate framing and dampening systems to withstand the extreme forces generated by the direct drive system that powers the machines' drums, often allowing the Recalled Washing Machines to fail by having the tub become disassembled from the frame during a machine's "explosion."   Moreover, the unbalanced load warning is defective in that it fails to stop the Recalled Washing Machines' spin cycle before the machines explode.

87.     Alternatively, the limitations in Samsung's warranty are unconscionable as described herein.

88.     By selling Recalled Washing Machines containing these defects to consumers like Madrid and Class Members after it gained knowledge of the defects, Samsung breached its express warranty to provide washing machines that were free from defects.

89.     Samsung also breached its express warranty to repair and correct material defects or component malfunctions in its Recalled Washing Machines when it failed to do so despite knowledge of the known defects and despite knowledge of alternative designs, alternative materials, and options for retrofits.

90.     The limited warranty of repair for the Recalled Washing Machines fails in its essential purpose because the contractual remedy is insufficient to make Madrid and Class Members whole and because Samsung has refused to provide the promised remedies within a reasonable time.

91.     Also, as alleged in more detail herein, at the time Samsung warranted and sold the Recalled Washing Machines, it knew that the Recalled Washing Machines did not conform to the warranties and were inherently defective, and Samsung wrongfully and fraudulently misrepresented and concealed material facts regarding its Washing Machines.

92.     Accordingly, Madrid and Class Members are not limited to the limited warranty of "repair" and Madrid and Class Members seek all remedies allowed by law.

93.     As more fully detailed above, Samsung knew that Madrid's washing machine was susceptible to malfunction but failed to provide defect-free washing machines to

1  Madrid or Class Members or to timely provide an adequate retrofit to remedy the Recalled

2  Washing Machines.

3      94.    As more fully detailed above, Samsung was provided with notice and has been

4  on notice of the defects and of its breach of express written warranties through its own

5  internal and external testing as well as hundreds or thousands of consumer warranty claims

6  reporting malfunctions in the Recalled Washing Machines, and customer complaints, yet it

7  failed to repair, replace, or retrofit the Recalled Washing Machines to ensure they were free

8  of materials defects or component malfunctions as Samsung promised.

9      95.    As a direct and proximate result of Samsung's breach of its express warranty,

10     96.    Madrid and Class Members have suffered damages.

11     97.    Samsung has been unjustly enriched by keeping the profits from the sale of its

12  unsafe washing machines while never having to incur the cost of repair.

13                          **FIFTH CAUSE OF ACTION**
                       **VIOLATIONS OF MAGNUSON-MOSS ACT**
14   **(15 U.S.C. §§ 2301-2312)–WRITTEN WARRANTY AGAINST SAMSUNG**

15     98.    Madrid hereby incorporates by reference the allegations contained in all

16  preceding paragraphs of this Complaint as though set forth fully herein.

17     99.    The Recalled Washing Machines are "consumer products," as that term is

18  defined by 15 U.S.C. § 2301(1).

19     100.   Madrid and Class Members are "consumers," as that term is defined by 15

20  U.S.C. § 2301(3).

21     101.   Samsung is a "warrantor" and "supplier," as those terms are defined by 15

22  U.S.C. § 2301(4) and (5).

23     102.   Samsung provided Madrid and Class members with "written warranties," as

24  that term is defined by 15 U.S.C. § 2301(6).

25     103.   In its capacity as warrantor, and by the conduct described herein, any attempts

26  by Samsung to limit the express warranties in a manner that would exclude coverage of the

27  Recalled Washing Machines is unconscionable and any such effort to disclaim, or otherwise

28  limit, liability for the Recalled Washing Machines is null and void.

104.    All jurisdictional prerequisites have been satisfied.

105.    By Samsung's conduct as described herein, including Samsung's knowledge of the defective Washing Machines and their action, and inaction, in the face of that knowledge, Samsung has failed to comply with its obligations under its written and implied promises, warranties, and representations.

106.    As a result of Samsung's breach of express warranties, Madrid and Class Members are entitled to revoke their acceptance of the Recalled Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF MAGNUSON-MOSS ACT
## (15 U.S.C. § § 2301-2312)—IMPLIED WARRANTY AGAINST ALL DEFENDANTS

107.    Madrid hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

108.    Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

109.    Madrid and Class members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

110.    Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

111.    Lowe's, The Home Depot, Best Buy, and Sears are "warrantors" as that term is defined by 15 U.S.C. § 2301(5).

112.    Defendants provided Madrid and Class Members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

113.    In their capacity as warrantors and by the conduct described herein, any attempt by Defendants to limit the implied warranties in a manner that would exclude coverage of the Recalled Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the Recalled Washing Machines is void.

114.    All jurisdictional prerequisites have been satisfied herein.

115.    By Defendants' conduct as described herein, including Defendants' knowledge of the defects contained within the Recalled Washing Machines and their action, and inaction, in the face of that knowledge, Defendants have failed to comply with its obligations under their written and implied promises, warranties, and representations.

116.    As a result of Defendants' breach of implied warranties, Madrid and Class members are entitled to revoke their acceptance of the Recalled Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

**SEVENTH CAUSE OF ACTION**
**UNJUST ENRICHMENT AGAINST ALL DEFENDANTS**

117.    Madrid re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

118.    Defendants received proceeds from their sale of the defective Recalled Washing Machines, which were purchased by Madrid and Class Members for an amount far greater than the reasonable value of such machines because of such machines' defective character.

119.    In exchange for the purchase price paid by Madrid and Class Members, Defendants provided the defective Recalled Washing Machines that are likely to fail within their useful lives and pose a material risk of "exploding."   There is no reasonable or acceptable rate for washing machines to explode.  Such defects render the Recalled Washing Machines unfit, and indeed, unsafe for their intended use.

120.    Madrid and Class Members reasonably believed that the Recalled Washing Machines would function as advertised and warranted, and did not know, nor could have known, that the Recalled Washing Machines contained latent defects at the time of purchase.

121.    Defendants know of and appreciate the benefit conferred by Madrid and Class Members and has retained that benefit notwithstanding its knowledge that the benefit is unjust.

122.    Under the circumstances, permitting Defendants to retain the proceeds and profits from the sales of the defective Washing Machines described herein would be unjust. Hence, Defendants should be required to disgorge this unjust enrichment.

**EIGHTH CAUSE OF ACTION**
**<u>VIOLATION OF STATE CONSUMER PROTECTION LAWS</u>**
**<u>AGAINST ALL DEFENDANTS</u>**

123.    Madrid re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

124.    Defendants' deceptive trade practices in, *inter alia*, misrepresenting the quality and character of the Recalled Washing Machines violate the following state consumer statutes:

a.    The Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-5(2), (3), (5), (7), and (27), et seq.;

b.    The Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45.50.471-45.50.561;

c.    The Arizona Consumer Fraud Act, A.R.S. § 44-1522;

d.    The Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-107(a)(1)(10) and 4-88-108(1)(2), et seq.;

e.    The California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq., and the California Unfair Competition Law, Cal. Bus. and Prof. Code, § 17200, et seq.;

f.    The Colorado Consumer Protection Act, Col. Rev. Stat. Ann. §§ 6-1-105(1)(b), (c), (e) and (g), et seq.;

g.    The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b), et seq.;

h.    The Delaware Consumer Fraud Act, Del. Code Ann. Title 6 § 2513, et seq.;

i.    The District of Columbia Consumer Protection Act, D.C. Code §§ 28-3904(a), (d), (e), (f) and (r), et seq.;

j.   The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204(1), et seq.;

k.   The Georgia Fair Business Practices Act, Ga. Code Ann. §§ 10-1-393(a) and (b)(2), (3), (5), and (7), et seq.;

l.   The Hawaii Deceptive Trade Practices Act, Haw. Rev. Stat. Ann. §§ 481A-3(a)(5), (7) and (12), et seq., and the Hawaii Consumer Protection Act, Haw. Rev. Stat. Ann. § 480-2(a), et seq.;

m.   The Idaho Consumer Protection Act, Idaho Code §§ 48-603(5), (7), (17) and (18), et seq., and Idaho Code § 48-603C, et seq.;

n.   The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Stat. § 505/2, et seq., and the Illinois Uniform Deceptive Trades Practices Act, 815 Ill. Stat. §§ 510/2(a)(5), (7) and (12), et seq.;

o.   The Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-3(a) and (b)(1) and (2), et seq.;

p.   The Iowa Consumer Fraud Act, I.C.A. §§ 714H.3 and 714H.5, et seq.;

q.   The Kansas Consumer Protection Act, Kan. Stat. §§ 50-626(a) and (b)(1)(A)(D) and (b)(3), et seq.;

r.   The Kentucky Consumer Protection Act, Ky. Rev. Stat. §§ 367.170(1) and (2), et seq.;

s.   The Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. § 51:1405(A), et seq.;

t.   The Massachusetts Consumer Protection Act, Ma. Gen. Laws Ann. Ch. 93A § 2(a), et seq.;

u.   The Maine Uniform Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1212(1)(E) and (G), et seq., and the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 207, et seq.;

v.   The Maryland Consumer Protection Act, Md. Code Commercial Law, §§ 13-301(1) and (2)(i)-(ii), and (iv), (5)(i), and (9)(i), et seq.;

w.   The Michigan Consumer Protection Act, M.C.P.L.A. §§ 445.903(1)(c)(e), (s) and (cc), et seq.;

x.   The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1(5), (7) and (13), et seq., and the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1, and Minn. Stat. § 8.31, subd. 3(a);

y.  The Mississippi Consumer Protect Act, Miss. Code Ann. §§ 75-24-5(1), (2)(b), (c), (e), and (g), et seq.;

z.  The Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.020(1), et seq.;

aa.  The Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-103, et seq.;

bb.  The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 591602, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302(a)(5) and (7), et seq.;

cc.  The Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0915(5) and (7), et seq.;

dd.  The New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:2(v) and (vii), et seq.;

ee.  The New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, et seq.;

ff.  The New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2(D)(5)(7) and (14) and 57-12-3, et seq.;

gg.  The New York Business Law, N.Y. Gen. Bus. Law § 349(a);

hh.  The North Carolina Unfair Trade Practices Act, N.C.G.S.A. § 75-1.1(a), et seq.;

ii.  The North Dakota Unlawful Sales or Advertising Practices Act, N.D. Cent. Code § 51-15-02, et seq.;

jj.  The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.02(A) and (B)(1) and (2), et seq.;

kk.  The Oklahoma Consumer Protection Act, 15 O.S. §§ 753(5), (7) and (20), et seq.;

ll.  The Oregon Unfair Trade Practices Act, Or. Rev. Stat. §§ 646.608(1)(e)(g) and (u), et seq.;

mm.  The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-2(4)(v)(vii) and (xxi), and 201-3, et seq.;

nn.  The Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1(6)(v), (vii), (xii), (xiii) and (xiv), et seq.;

oo.  The South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a), et seq.;

pp.     The South Dakota Deceptive Trade Practices Act and Consumer Protection Act, S.D. Codified Laws § 37-24-6(1), et seq.;

qq.     The Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-104(a), (b)(2), (3), (5), and (7), et seq.;

rr.     The Texas Deceptive Trade Practices Consumer Protection Act, V.T.C.A., Bus. & C. §§ 17.46(a), (b)(5) and (7), et seq.;

ss.     The Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-4(1), (2)(a), (b), and (i) et seq.;

tt.     The Vermont Consumer Fraud Act, 9 V.S.A. § 2453(a), et seq.;

uu.     The Virgin Islands Consumer Protection Law, V.I. Code Ann. tit. 12A, § 101, et seq.;

vv.     The Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-200(A)(5)(6) and (14), et seq.;

ww.    The Washington Consumer Protection Act, Wash. Rev. Code § 19.86.020, et seq.; xx. The West Virginia Consumer Credit and Protection Act, W.V.A. Code § 46A-6-104, et seq.; and

yy.     The Wyoming Consumer Protection Act, Wyo. Stat. Ann. §§ 40-12-105(a), (i), (iii) and (xv), et seq.

125.   By this Cause of Action, Madrid plead on behalf of the Class violations of all the foregoing consumer and deceptive trade practice laws.

**NINTH CAUSE OF ACTION**
**<u>FRAUD AGAINST SAMSUNG</u>**

126.   Madrid re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

127.   Upon discovering that her Samsung washing machine was subject to recall, Madrid quickly contacted Samsung to repair or replace the washing machine. Samsung represented in their recall notice that they would repair any Recalled Washing Machine free of charge to the consumers, including Madrid.

128.   The truth is that Samsung cannot repair these washing machines. They can perform a retrofit that will reinforce the washing machines, but it will not allow consumers to use these washing machines for the purposes for which they were advertised and

1  purchased. In addition, as part of their agreement with the Consumer Protection Safety

2  Commission, any washing machine that cannot be repaired must be replaced by Samsung at

3  no cost to the consumer. As a result, Samsung is doing everything in its power to keep

4  consumers from accepting the repair option, including scheduling repairs and then having

5  them cancelled, failing to return phone calls for those who wish to schedule repairs, and

6  other stalling tactics, in order to force consumers to accept the rebate option, thereby freeing

7  Samsung from the obligation to replace the washing machines once it becomes apparent that

8  the repair does not fully fix the problem.

9      129.   Upon information and belief, Samsung had no intention of keeping their

10  representation that they would repair Madrid's defective washing machine, as it is in

11  Samsung's financial interest to force Madrid and other members of the class to use

12  Samsung's proffered rebate to purchase a new Samsung washing machine, or using

13  Samsung's proffered rebate of a lesser amount to purchase another brand of washing

14  machine as the cost of the rebate is, on information and belief, less expensive than the cost

15  of repair to the Recalled Washing Machines. In addition, Samsung is unable to repair the

16  Recalled Washing Machines. Even after the retrofit is done and the top of each washing

17  machine is reinforced, consumers are still unable to use their washing machines as intended.

18  As a result, Samsung would owe every consumer who has their Recalled Washing Machine

19  repaired a full refund or a new washing machine immediately after the repair has been

20  completed. *See* http://www.click2houston.com/consumer/feds-say-samsung-not-following-

21  consumer-product-safety-commission-agreement.

22      130.   At the time Samsung made the representation that they would repair their

23  Recalled Washing Machines, they were fully aware of the cost savings they would receive

24  by "encouraging" owners of the Recalled Washing Machines, including Madrid, to take the

25  proffered rebate rather than having their existing washing machine repaired. As a result,

26  Samsung intentionally made it difficult, if not impossible, for Madrid and other members of

27  the Class to obtain retrofits for their Samsung washing machines, all in the hope consumers

28  would choose to accept the rebate option instead of a retrofit.

CLASS ACTION COMPLAINT

131.    As a result of Samsung's fraud, Madrid and the class are entitled to full compensation for the loss of their Recalled Washing Machines including time lost in seeking to have the Recalled Washing Machines repaired and time and money spent finding other means to wash their belongings while they waited for Samsung to repair their Recalled Washing Machines.

**WHEREFORE,** Madrid individually and on behalf of the above defined Class, by and through counsel, pray the Court grant the following relief:

A.     An Order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     An Order appointing Madrid as representative for the Class and appointing her counsel as lead counsel for the Class;

C.     An order awarding Madrid and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Samsung described herein;

D.     An Order enjoining Samsung, Lows, The Home Depot, Best Buy, and Sears, their agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture (in the case of Samsung), marketing, and sale of the defective Recalled Washing Machines; requiring Samsung, Lows, The Home Depot, Best Buy and Sears to issue corrective actions including notification, recall, service bulletins, and fully-covered replacement parts and labor, or replacement of the Recalled Washing Machines; and requiring Samsung, Lowes, The Home Depot, Best Buy, and Sears to preserve all evidence relevant to this lawsuit and notify Recalled Washing Machine owners with whom it comes in contact of the pendency of this and related litigation;

E.     Restitution as authorized by law;

F.     Payment to the Class of all damages associated with the replacement of the defective products and parts, in an amount to be proven at trial;

G.     An assessment of punitive damages, consistent with the actual harm Samsung has caused and the reprehensibility of its wanton and willful conduct, and the need to punish and deter such conduct;

1       H.      An order awarding attorney's fees pursuant to applicable Federal and State law;

2       I.      Interest as provided by law, including but not limited to pre judgment and post-

3 judgment interest as provided by rule or statute; and

4       J.      Any and all other and further relief as this Court deems just, equitable, or proper.

5

6                           **JURY TRIAL DEMANDED**

7      Plaintiff hereby demands that this matter be tried to a jury.

8 February 3, 2017

9                            **GREEN & NOBLIN, P.C.**

10                          By:  *s/ James Robert Noblin*

11                             James R. Noblin

12                          4500 East Pacific Coast Highway
Fourth Floor

13                          Long Beach, California 90804
Telephone:  (562) 391-2487

14                          Facsimile:  (415) 477-6710

15                          Email:  gnecf@classcounsel.com
-and-

16                          Robert S. Green
**GREEN & NOBLIN, P.C.**

17                          2200 Larkspur Landing Circuit, Suite 101
Larkspur, CA  94939

18                          Telephone:  (415) 477-6700

19                          Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

20

21                          William B. Federman
**FEDERMAN & SHERWOOD**

22                          10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120

23                          Telephone:  (405) 235-1560
Facsimile:  (405) 239-2112

24                          Email:  wbf@federmanlaw.com

25

26

27

28

- 29 -

# EXHIBIT 1

## (Samsung Recalled Washing Machine Model Numbers)

WA40J3000AW/A2   WA45H7000AP/A2   WA45H7000AW/A2
WA45H7200AW/A2   WA45K7600AW/A2   WA45K7100AW/A2
WA48H7400AW/A2   WA48J7700AW/A2   WA48J7770AP/A2
WA48J7770AW/A2   WA50K8600AV/A2   WA50K8600AW/A2
WA52J8700AP/A2    WA52J8700AW/A2   WA400PJHDWR/AA
WA422PRHDWR/AAWA456DRHDSU/AAWA456DRHDWR/AA
WA476DSHASU/A1   WA476DSHAWR/A1WA484DSHASU/A1
WA484DSHAWR/A1 WA48H7400AP/A2   WA50F9A6DSW/A2
WA50F9A7DSP/A2    WA50F9A7DSW/A2 WA50F9A8DSP/A2
WA50F9A8DSW/A2  WA52J8060AW/A2   WA5451ANW/XAA
WA5471ABP/XAA    WA5471ABW/XAA   WA56H9000AP/A2
WA56H9000AW/A2